1 CIT- ATTY Case 3:21-cv-01595-L   Document 1-3   Filed 07/08/21   Page 1 of 16   PageID 11

FILED
5/26/2021 10:16 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

CAUSE NO.: DC-21-06656 _____

| | | |
|---|---|---|
| JULIA M. THEODORE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | 68th |
| | § | |
| vs. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| WALMART, INC., A Foreign For-Profit Corporation,  John Doe, Unknown Pallet Jack Operator, | § § § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TX |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JULIA M. THEODORE,** PLAINTIFF in the above-entitled and numbered cause, and brings this suit against **WALMART, INC., A Foreign For-Profit Corporation** doing business in Dallas, Dallas County, Texas; John Doe, Unknown Pallet Jack Operator, Defendants herein, and for cause of action shows the following:

### I.

### DISCOVERY

Discovery is to be conducted under Level 3 of the Texas Rules of Civil Procedure.

II.

## PARTIES AND SERVICE

2.1   Plaintiff is a resident of Dallas, Dallas County, State of Texas and can be noticed by and through her attorney of record, Victor L. McCall, Atwood & McCall, PLLC, 4144 North Central Expressway, Suite 910, Dallas, TX 75204.

2.2   Defendant, **WALMART, INC., A Foreign For-Profit Corporation** doing business in Dallas, Dallas County, Texas may be served with Citation by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

2.3   Defendant, John Doe Unknown Pallet Jack Operator was an employee of Defendant Walmart, Inc. who was directly involved in the incident giving rise to this incident and will be properly served once Defendant WalMart, Inc. has identified said Unknown Defendant.

III.

## JURISDICTION, CLAIM FOR RELIEF AND VENUE

3.1   The Court has jurisdiction over the controversy because the damages sustained are within the Court's jurisdiction limits. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.

3.2   Venue is proper in the District Courts of Dallas County, Texas, because all or a substantial part of the events, acts, omissions and/or controversy arose or occurred in Dallas County, Texas.

IV.

## PURPOSE OF THIS CIVIL ACTION

4.1   This civil action is brought by the Plaintiff against the Defendants to seek justice and the purpose of exercising the Plaintiff's right to access to the Court under the Constitution and laws of the State of Texas:

      a.        To hold Defendants responsible and accountable for their wrongful conduct.

      b.        To seek and obtain fair, reasonable, and just compensation for his bona fide injuries and damages arising from the past and probable future serious, personal injuries and damages sustained by Plaintiff.

      c.        To seek and obtain an award of exemplary damages, if appropriate, against each of the Defendants as a civil penalty or by way of civil punishment for their wrongful conduct but not for compensatory purposes and that there are neither economic damages nor non-economic damages.

      d.        To seek and obtain corrective justice in the public interest to deter or reduce negligence in the operation of business in the State of Texas.

Hopefully, corrective justice from this civil action will help others in need and deter future wrongful conduct.

## V.

## NEGLIGENCE

On June 17, 2019, Julia M. Theodore was a guest in Defendant's Walmart Neighborhood Market #2975 located at 3959 Broadway Blvd., Garland, Texas, around mid-afternoon. Julia Theodore was in the back of the store, near the pharmacy area. Suddenly and without warning, Julia Theodore was violently struck from behind by a Walmart employee, John Doe who was operating a pallet-jack. The extreme force of the impact caused Julia Theodore to fall back onto bottles of water that were being moved on the pallet. The impact from the fall backwards onto the water bottles caused severe injuries to Julia Theodore's back and right side of her body. John Doe a Walmart employee who was operating the pallet jack left the injured Julia Theodore laying where she fell and went to look for a store manager. A short time later an unknown employee John Doe, a management represent of Defendant Walmart, Inc. came to where Julia Theodore was laying and advised that there was no store manager available to assist her and he could not assist her. He further advised Julia Theodore that he could not call for an ambulance. At that point, Julia was requested by John Doe, a management represent of Defendant Walmart, Inc. to walk to the front

of the store and where she was advised that she would have to come back the next day to fill out a report.

Walmart, Inc., its Managers/Assistant Managers/employees on duty at the time of the incident knew or should have known of the dangers associated with operation of a pallet-jack, especially in the busy areas of the business being visited by patrons. It is a well-known practice and training procedure for all Managers, Assistant Managers, and employees of a business open to the public to exercise ordinary care to protect patrons of the establishment, including but not limited to Julia Theodore.  Therefore, Walmart, Inc., its Managers, Assistant Managers, and employees failed to exercise ordinary care by failing to adequately warn patrons, including Julia Theodore, of the hazardous conditions of a pallet-jack being operated in store areas being visited by patrons.

The following acts of negligence were committed on the part of the Defendants in Dallas County, Texas in that they:

(a) Failed to properly train employees in the area to help people like the Plaintiff and to take proper steps to ensure that the area was safe;

(b) Provided or allowed to exist an unreasonably dangerous condition in the patron visited areas of their store;

(c) Failed to properly inspect the area in question to ensure that an unreasonably dangerous condition did not exist;

(d) Failed to adequately warn the Plaintiff or other patrons that a dangerous condition existed;

(e) Failed to correct the dangerous condition prior to allowing Plaintiff or any other patron to be in the area in question;

(f) Failed to initiate the proper warning signs and/or signals as to the dangerous condition of the pallet-jack being operated in an area being visited by patrons, and

(g) Failed to properly train their employees to maintain the area in a safe manner for patrons and/or assist people like the Plaintiff and in other respects which may be set out more fully in later amended pleadings.

Each of the foregoing acts or omissions by Defendants, whether taken singularly or in combination, was the proximate cause of Plaintiff's injuries and damages are more fully set out below.

## VI.

## RESPONDENT SUPERIOR

The Defendants are liable for the negligence of their employees and/or agents, pursuant to the doctrine of respondent superior because employees and/or agents are acting in the course and scope of their employment with the Defendants at all relevant times. In the alternative, the Defendants at all relevant times. In the alternative, the Defendants are liable for the negligence of employees/agents because employees/employees are acting as borrowed servants of the Defendants at all relevant times.

## VII.

## DAMAGES

Plaintiff would show that as a direct and proximate result of the acts and/or omissions of the negligence aforementioned herein, she was caused to suffer serious and permanent personal injuries to her body, all of which have caused her in the past and will cause her in the future, physical pain, mental anguish, physical impairment, and medical and hospital expenses, for which she should be compensated in accordance with the laws of the State of Texas.

## IX.

## RULE 28 DEMAND

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, if some other individual(s), partnerships, corporations, association(s), or business entity(s) of any type are owned and/or operated under the name or names of the above Defendant, Plaintiff hereby demands that the appropriate entity be substituted.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against Defendants for all damages to which she is entitled under the laws of the State of Texas, which amount does not exceed the maximum jurisdictional limits of this Court; for pre-judgment interest in accordance with the law; for interest on the judgment; cost of suit; and for such other and further relief, either at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**ATWOOD & McCALL, PLLC**
**4144 N. Central Expy., Ste. 910**
**Dallas, TX 75204**
**972-665-9600 Telephone**
**214-736-2960 Facsimile**

BY: //s// Victor L. McCall
    Victor L. McCall
    State Bar No. 13350400
    victor@atwoodmccall.com
    Marshall Bridges
    State Bar No. 24096759
    marshall@atwoodmccall.com

    **ATTORNEYS FOR PLAINTIFF**

**CT Corporation**

**Service of Process Transmittal**
06/09/2021
CT Log Number 539702592

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** Process Served in Texas

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Theodore Julia M., Pltf. vs. Walmart, Inc., etc. and John Doe, etc., Dfts. *Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 68th District Court of Dallas County, TX<br>Case # DC2106656 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/17/2019 at Walmart Neighborhood Market #2975 located at 3959 Broadway Blvd., Garland, TX |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/09/2021 at 12:42 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Victor L. McCall<br>Atwood & McCall, PLLC<br>4144 N. Central Expy., Suite 910<br>Dallas, TX 75204<br>972-665-9600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/09/2021, Expected Purge Date: 06/14/2021<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service Of Process ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of 2 / JD

**CT Corporation**

**Service of Process Transmittal**
06/09/2021
CT Log Number 539702592

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Texas**

**FOR:** WALMART INC. (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of 2 / JD



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jun 9, 2021

**Server Name:** Drop Service

| Entity Served | WALMART INC. |
|---|---|
| Case Number | DC2106656 |
| Jurisdiction | TX |



MF
6-9-21

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:   WALMART, INC., A FOREIGN FOR-PROFIT CORPORATION
      BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
      1999 BRYAN ST., STE. 900
      DALLAS, TEXAS  75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JULIA M. THEODORE**

Filed in said Court  **26th day of May, 2021** against

**WALMART, INC., ET AL**
For Suit, said suit being numbered **DC-21-06656,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of May, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
   ANGELA CONEJO

---

**ATTY**

**CITATION**

**DC-21-06656**

**JULIA M. THEODORE**
vs.
**WALMART, INC.**

ISSUED THIS
**28th day of May, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**VICTOR L. MCCALL**
ATWOOD & MCCALL, PLLC
4144 N CENTRAL EXPWY., SUITE 910
DALLAS, TEXAS  75204
972-665-9600
victor@atwoodmccall.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-06656

Court No. 68th District Court

Style: JULIA M. THEODORE

vs.

WALMART, INC.

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

    For serving Citation    $_____    _____

    For mileage    $_____    of _____ County, _____

    For Notary    $_____ .    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

    _____

    Notary Public _____ County _____



FILED
6/10/2021 10:21 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

Case 3:21-cv-01595-L   Document 1-3   Filed 07/08/21   Page 12 of 16   PageID 22

## FORM NO. 353-3 – CITATION
## THE STATE OF TEXAS

**ATTY**

**CITATION**

**DC-21-06656**

**JULIA M. THEODORE**
**vs.**
**WALMART, INC.**

**ISSUED THIS**
**28th day of May, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
VICTOR L. MCCALL
ATWOOD & MCCALL, PLLC
4144 N CENTRAL EXPWY., SUITE 910
DALLAS, TEXAS 75204
972-665-9600
victor@atwoodmccall.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

To: **WALMART, INC., A FOREIGN FOR-PROFIT CORPORATION**
**BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN ST., STE. 900**
**DALLAS, TEXAS 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JULIA M. THEODORE**

Filed in said Court 26th day of May, 2021 against

**WALMART, INC., ET AL**
For Suit, said suit being numbered **DC-21-06656**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of May, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    ANGELA CONEJO

# OFFICER'S RETURN

Case No.: DC-21-06656

Court No. 68th District Court

Style: JULIA M. THEODORE

vs.

WALMART, INC.

Came to hand on the __8__ day of __JUNE__, 20__21__, at __2:35__ o'clock __P__.M. Executed at __1999 BRYAN ST., STE. 900 DALLAS, TX 75201__ within the County of __DALLAS__ at __12:45__ o'clock __P__.M. on the __9__ day of __JUNE__, 20__21__, by delivering to the within named __WALMART, INC., A FOREIGN FOR-PROFIT CORPORATION THROUGH CT CORPORATION LATOYA STERNS INTAKE SPECIALIST__

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation $_____    __MICHAEL FENNELL__
For mileage       $_____    of __DALLAS__ County, __TX__
For Notary        $_____    By __Michael Fennell__ ~~Deputy~~ __AUTHORIZED PERSON__
                             __PSC 2558 EXPIRES 3-31-23__
(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said __Michael Fennell__ before me this __9th__ day of __June__, 20__21__,
to certify which witness my hand and seal of office.

Notary Public __Dallas__ County __TX__

[Notary Seal: JEANNE M. THOMPSON, Notary Public, State of Texas, Comm. Expires 07-30-2024, Notary ID 129071289]

Case 3:21-cv-01595-L   Document 1-3   Filed 07/08/21   Page 14 of 16   PageID 24

FILED
7/1/2021 3:43 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

CAUSE NO. DC-21-06656

| | | |
|---|---|---|
| **JULIA M. THEODORE** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **WALMART INC., a Foreign For-Profit** | § | |
| **Corporation, John Doe, Unknown** | § | |
| **Pallet Jack Operator** | § | **68ᵀᴴ JUDICIAL DISTRICT** |

### DEFENDANT WAL-MART'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Walmart Inc., a Foreign For-Profit Corporation (incorrectly sued, proper and only necessary entity is Wal-Mart Stores Texas, LLC), a Defendant in the above-entitled and numbered cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendant generally denies the allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and says this is a matter for jury decision.

### II. RULE 193.7 NOTICE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant provides notice that it intends to use Plaintiff's production of all documents, tangible things and discovery items produced in response to discovery in any pre-trial proceeding or at trial.

### III. JURY DEMAND

Defendant further demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendant recover its costs, and that Defendant have such other and further relief, both at law and in equity, to which it may be justly entitled.

**Respectfully submitted**,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
(214) 220-5208 (direct phone)
(214) 220-5258 (direct fax)

By:     */s/ Bevan Rhine*
        **BEVAN RHINE**
        Texas Bar No. 24036265
        brhine@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT WALMART INC.**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 1st day of July, 2021:

Victor L. McCall
Atwood & McCall, PLLC
4144 N. Central Expwy., Suite 910
Dallas, TX 75204
972.665.9600 / fax 214.736.2960
victor@atwoodmccall.com

        */s/ Bevan Rhine*
        **BEVAN RHINE**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandi Mallon on behalf of Bevan Rhine
Bar No. 24036265
smallon@cobbmartinez.com
Envelope ID: 54990362
Status as of 7/2/2021 10:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bevan Rhine | | brhine@cobbmartinez.com | 7/1/2021 3:43:25 PM | SENT |
| Sandi Mallon | | smallon@cobbmartinez.com | 7/1/2021 3:43:25 PM | SENT |
| Victor Lance McCall | 13350400 | victor@atwoodmccall.com | 7/1/2021 3:43:25 PM | SENT |
| Jeanne Thompson | | jeanne@atwoodmccall.com | 7/1/2021 3:43:25 PM | SENT |